**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JUDGE CASEY

05 CV 7889

**DAVID ANDREW GASMAN**, on behalf of himself
and all others similarly situated,

Index No. _____

                              Plaintiff,

**CLASS ACTION COMPLAINT**

- against -



**MORGAN STANLEY**,

                              Defendant.

----------------------------------------------------

Plaintiff, David Andrew Gasman ("Plaintiff" or "Gasman"), by his attorneys, Folkenflik

& McGerity and Schrader & Israely, LLP, for himself, and on behalf of all others similarly

situated, on information and belief, except for those allegations which pertain to the named

Plaintiff or to his attorneys which are alleged on personal knowledge, alleges as follows:

### SUMMARY OF CLAIMS

1.      This is a Class Action brought on behalf of Plaintiff, who worked for Morgan

Stanley ("Defendant") as a securities broker, and a class of similarly situated persons who

are or were at all relevant times employed by Morgan Stanley as brokers, salesmen and

financial advisors (the "Class") in the State of New York during the period six years prior

to the filing of this Complaint to the time of judgment after trial (the "Class Period").

2.      This case arises out of Defendant's knowing and intentional violation of New

York Labor Laws and the Fair Labor Standards Act through improper deductions from

employee's wages and the failure to pay overtime as required by law.

3.      Defendant violated New York Labor Law §193 by impermissibly deducting monies from Plaintiff's and the Class's compensation to pay for support staff and other overhead expenses.

4.      Defendant violated New York State Labor Department's Codes, Rules and Regulations ("NYCRR") Ch. 12 §142-2.2, and Fair Labor Standards Act, 29 U.S.C. §207, each of which requires employers to pay employees, including commission-based employees such as Plaintiff and the Class, overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek. When employees are paid on commission, as was the case for Plaintiff and the Class, those commissions are, as a matter of law, deemed to be paid for a 40-hour week.

5.      As a result of Defendant's violation of the New York and Federal labor laws, Plaintiff and the Class were grossly under-compensated for their work.

## JURISDICTION AND VENUE

6.      This Court also has jurisdiction pursuant to 28 U.S.C. §1331, the Federal statute in question being the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and 28 U.S.C. §1367(a) as to the claims arising under state law.

7.      This Court also has subject matter jurisdiction over all claims pursuant to the Class Action Fairness Act of 2005. That Act provides, in relevant part, that: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." Upon information and belief, the amount in controversy is greater than $5,000,000.00.

2

8.    The Southern District of New York is proper venue under 28 U.S.C.A. §1391(b)(1) because Defendant's principal place of business is in the Southern District of New York, and substantially all of the events that gave rise to the claims in this action took place in this judicial district.

## PARTIES

9.    Plaintiff is a resident of New York City.  He was employed as a securities broker by Defendant on March 30, 1998.  Gasman is licensed by the National Association of Securities Dealers as a securities broker holding licenses Series 7 and 63.  As a securities broker, Gasman's primary duty was the sale of financial products to clients of Morgan Stanley, and he was compensated solely on the basis of commissions earned in the sales of such products.

10.    Gasman regularly worked 45-50 hours per week.

11.    Defendant, formerly Morgan Stanley Dean Witter & Co., is a financial services business incorporated in Delaware with its principal place of business at 1585 Broadway, New York, New York.  It has over $800 billion in assets and over $28 billion in shareholders' equity.  Through its Individual Investor Group and Investment Management and Credit Services Group, Defendant provides brokerage services to individuals and institutions.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23.  The Class that Plaintiff seeks to represent is composed of

3

all employees of Defendant in New York who were engaged in the business of selling securities to individuals and institutions during the Class Period.

13.     The Class is composed of thousands of individuals, the joinder of whom in one action is impracticable, and the disposition of their claims in a Class Action will provide substantial benefits both to the parties and the Court.  The Class is sufficiently numerous since it is estimated that thousands of people in the Class were employed by Defendant to sell securities to individual and institutional clients during the Class Period.

14.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including the following:

> (1)     whether Defendant deducted monies from its employees' wages to pay for support staff and other overhead expenses in violation of N.Y. Labor Law §193;
>
> (2)     whether Defendant failed to adequately compensate its employees for overtime hours worked as required by 12 NYCRR §142-2.2 and Federal Labor Standards Act 29 U.S.C. §207;
>
> (3)     whether the Class has been damaged and, if so, the extent of such damages.

15.     As an employee of Defendant, who was not compensated at the legally required rate for overtime hours worked, and from whom Defendant made improper deductions from his compensation, Plaintiff is asserting claims that are typical of the claims of the entire Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interest antagonistic to those of the other members of the Class.

4

Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

16.    Plaintiff and the other members of the Class have suffered damages as a result of Defendant's unlawful conduct.  Because of the size of the individual Class Member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  A Class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent a class action, the Class members likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violation of NY Labor Law §193, 12 NYCRR §142-2.2, and 29 U.S.C. §207.

## FACTUAL BACKGROUND

17.    Defendant sells securities and financial products with offices nationwide.

18.    Defendant made unlawful deductions from the wages paid to Plaintiff and the Class for expenses which were, as a matter of law, the employer's overhead expenses, including (a) deductions of the wages paid to "cold callers" hired to obtain business for Defendant, (b) deductions for amounts paid to the broker's secretary or sales assistant(s) for doing the business of Defendant communicating with customers, (c) deductions for marketing materials promoting Defendant's business, and (d) deductions for "broken trades." A "broken trade" is where a customer challenged a transaction done for his benefit by the securities broker and the trade was cancelled.  On information and belief, where the cancellation of the transaction resulted in a loss, Defendant deducted the amount of any loss from the commissions due the security broker, both for the actual losses incurred by

5

the customer and any commission paid on that transaction.  However, if the cancellation of the transaction resulted in a gain on the transaction, Defendant kept the gain for itself.

19.    Plaintiff Gasman and each overtime securities broker Class member was an inside sales person who Defendant paid solely on a commission basis without any premium for overtime pay as required by law.

### FIRST CAUSE OF ACTION
Impermissible Deductions from Employees' Wages
(New York Labor Law §193)

20.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

21.    New York Labor Law expressly prohibits employees to make unauthorized deductions from employees' wages.

22.    New York Labor Law §193 provides:

**Deductions from wages:**

1. No employer shall make any deduction from the wages of an employee, except deductions which:

>    a.  are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or

>    b.  are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises.  Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

6

> 2.  No employee shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. Lab. Law §193 (Consol. 2004).

23.     Section 193 prohibits deductions from employee's wages unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee," and (2) are the same or similar to the limited enumerated categories of permissible deductions.

24.     Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law §190(1) (Consol. 2004).

25.     Deductions of overhead expenses, identified in paragraph 18 of this Complaint, provide a direct benefit to the employer, and either benefits the employer to a greater extent than the employee, or only indirectly benefits the employee, if at all. Furthermore, payment of these employer's overhead expenses certainly may not be likened to deductions for employee insurance or employee investment programs that are acceptable under the statute.

26.     Thus, the deductions at issue violate Section 193 because they are neither for the benefit of the employee nor of a similar type of deduction allowable under the statute.

27.     Plaintiff and the Class have been damaged by unlawful deductions in an amount to be proven at trial, but no less than $50 million.

## SECOND CAUSE OF ACTION
Restitution for Failure to Pay Overtime to Securities Brokers
(Violation of 12 NYCRR §142-2.2)

28.    Plaintiff repeats and realleges each and every allegation of all prior paragraphs as if fully set forth herein.

29.    12 NYCRR §142-2.2 provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . .

NYCRR §142-2.2 (2005).

30.    An employee is defined as "any person employed for hire by an employer in any employment." N.Y. Lab. Law. §190 (2005).

31.    Plaintiff and all other securities brokers employed by Defendant during the Class Period regularly worked more than 40 hours per week, and were compensated on a straight commission basis with no base salary and no premium pay for hours worked in excess of 40 hours.

32.    Thus, a securities broker is categorized as a "commission salesman" employee under the New York Labor Law. A commission salesman is defined as "any employee whose principle activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions." N.Y. Lab. Law §190; *In the Matter of Dean Witter Reynolds Inc. v. Ross,* 75 A.D.2d 373, 377 (1980).

33.    The burden to show that its employee falls within an exemption to the requirement to pay overtime is on the Defendant.

34.    There are no exemptions applicable to Plaintiff and Class members.

8

35.    As a result of Defendant's failure to pay overtime, Plaintiff and the Class were

damaged in an amount to be proven at trial, but no less than $200 million.

### THIRD CAUSE OF ACTION
Restitution and Statutory Liquidated Damages
for Failure to Pay Overtime to Securities Brokers
(Violation of Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207)

36.    Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207 (2005)

provides in pertinent part:

> Except as otherwise provided in this section, no employer shall
> employ any of his employees who in any workweek is engaged
> in commerce or in the production of goods for commerce, for
> a workweek longer than forty hours unless such employee
> receives compensation for his employment in excess of the
> hours above specified at a rate not less than one and one-half
> times the regular rate at which he is employed.

37.    Plaintiff and all other securities brokers employed by Defendant during the

Class Period regularly worked more than 40 hours per week, and were compensated on

a straight commission basis with no base salary and no premium pay for hours worked in

excess of 40 hours.

.    Securities brokers compensated on a commission basis are not subject to

the Section 207 or Section 213 exemptions of the Federal Fair Labor Standards Act.

39.    Section 207 of the Federal Fair Labor Standards Act 29 U.S.C. §207 (2005)

provides:

> No employer shall be deemed to have violated subsection (a)
> of this section [mandate to compensate employees for
> overtime] by employing any employee of a retail or service
> establishment for a workweek in excess of the applicable
> workweek specified therein, if (1) the regular rate of pay of
> such employee is in excess of one and one-half times the
> minimum hourly rate applicable to him under section 206 of
> this title; and (2) more than half his compensation for a

9

representative period (not less than one month) represents commissions on goods or services.

40.    Section 213 of the Federal Fair Labor Standards Act provides that the overtime pay requirement does not apply to:

> (a)(1)  any employee employed in a *bona fide* **executive, administrative,** or **professional capacity** (including any employee employed in the capacity of academic administrative personnel or teacher in elementary school), or in the capacity of **outside salesman** (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act . . . except than [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

29 U.S.C. §213(2005) (emphasis supplied).

41.    Employees whose primary duty is to perform support services for Defendant's customers, for which Defendant is paid, are production employees not entitled to the administrative exemption. Specifically, the last sentence of 29 C.F.R. §541.203(b) states: "However, an employee whose primary duty is selling financial products does not qualify for the administrative exemption." Nor are brokerage firms "retail establishments" within the meaning of Section 213. 29 C.F.R. 779.317 of the regulation governing application of the Fair Labor Standards Act provides a "partial list" of establishments to which the retail concept does not apply. 29 C.F.R. §779.317 (2005). Included in that list is "brokers, custom house; freight brokers, stock or commodity brokers."

42.     The burden to show that their employee falls within an exemption is on the
Defendant.  The provisions of the exemption are cumulative, each of the prerequisites
must be satisfied, and thus, the absence of one of the requirements for the exemption
ends the inquiry.

43.     The professional exemption at 29 U.S.C. §213(a)(1) does not apply to the
Plaintiff or Plaintiff Class members because the status of a securities broker is not a
recognized profession in a field of science or learning, and the skills are acquired through
experience and an apprenticeship and the passage of a series of exams through self-study
rather than at any institution of higher learning.  In addition, exemption for employees
employed in a professional capacity is inapplicable because, as the courts have
announced, Plaintiff and the Class who work on commission, and are not employed in a
*bona fide* professional capacity.

44.     Section 29 C.F.R. §541.311-312 et seq., of the federal regulations make clear
that in order to qualify as an employee employed in a *bona fide* professional capacity,
within the meaning of 29 U.S.C. §213(a)(1) the employee must both be paid on a salary
basis that guarantees him/her a predetermined amount, or on a fee basis that does not
vary with the price or quantity of the item sold, and the occupation must be recognized
generally as a profession requiring advanced knowledge in a field of science or learning
customarily acquired by a prolonged course of specialized intellectual instruction.

.      As stated in 29 C.F.R. §541.301(d) "the learned professional exemption is
not available for occupations that customarily may be performed with only the general
knowledge acquired by an academic degree in any field, with knowledge acquired thorough
an apprenticeship" . . . .   The learned professional exemption also does not apply to

11

occupations in which most employees have acquired their skill by experience rather than by advanced specialized intellectual instruction." Although members of Plaintiff Class may hold degrees in business or accounting, many, if not most, do not, and the degree in business is a general degree rather than a degree in being a stock broker. There is no generally recognized advance degree from an institution of higher academic learning for being a stock broker of the type Plaintiff and Plaintiff Class members are. Even if there were, it is not generally required to have such a degree in order to become a stock broker employee of Defendant.

46.     The exemption in 29 U. S. C. §213 for employees employed in the capacity of outside salesmen does not apply because Plaintiff and the Class are not outside salespersons as the term is defined in Section 29 C.F.R. §541.500.

47.     29 C.F.R. §541.500 of the federal regulations defines an outside salesman as follows:

(a)     The term "employee employed in the capacity of outside salesman" in section 13(a)(1) of the Act shall mean any employee:

(1)     Whose primary duty is:

(i)     making sales within the meaning of section 3(k) of the Act, or

(ii)    obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer, and

(2)     Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

(b)     The term "primary duty" is defined at §541.700. In determining the primary duty of an outside sales

12

> employee, work performed incidental to and in
> conjunction with the employee's own outside sales or
> solicitations, including incidental deliveries and
> collections, shall be regarded as exempt outside sales
> work. Other work that furthers the employee's sales
> efforts also shall be regarded as exempt work including,
> for example, writing sales reports, updating or revising
> the employer's sales or display catalogue, planning
> itineraries and attending sales conferences.

29 C.F.R. §541.500 (2005).

(b)     Because Plaintiff and the Class were employed at the Defendants' places of

business, they do not qualify for the outside salesman exemption.

(c)     There are no other exemptions applicable to Plaintiff and Plaintiff class

members.

(d)     As a result of Defendants' failure to pay overtime, Plaintiffs and the Class

were damaged in an amount to be proved at trial, but no less than $200 million.

(e)     In addition, Plaintiff and the Class are entitled to liquidated damages in an

amount equal to their compensatory damages, which shall be proven at trial, but no less

than $200 million, pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the Class

demand judgment as follows:

1.     on Plaintiff's First Claim for Relief, for damages in an amount to be proven

at trial, but no less than $50 million;

2.     on Plaintiff's Second Claim for Relief, compensatory damages at one and

one-half the regular rate of pay for all hours worked in excess of forty hours a week in an

amount to be proven at trial, but no less than $200 million;

13

3.   on Plaintiff's Third Claim for Relief, compensatory damages at one and one-half the regular rate of pay for all hours worked in excess of forty hours a week in an amount to be proven at trial, but no less than $200 million, plus additional liquidated damages in the amount of no less than $200 million.

4.   on all Claims for Relief:

(1)   disgorgement of profits derived from Defendant's improper use of funds due and owed Plaintiff and the Class;

(2)   reasonable attorneys' fees, pursuant to 29 U.S.C. §216(b);

(3)   costs of this suit;

(4)   pre- and post-judgment interest; and

(5)   such other and further relief as the Court may deem just.

Dated:   New York, New York
September 9, 2005

FOLKENFLIK & McGERITY

By: _____
Max Folkenflik
1500 Broadway, 21st Floor
New York, New York  10036
(212) 757-0400

SCHRADER & ISRAELY, LLP
233 Broadway, Suite 830
New York, New York  10279
(212) 937-3967

*Attorneys for Plaintiff*